Scott P. Jang (State Bar No. 260191)
Stephanie T. Yang (State Bar No. 280006)
Mariko Mae Ashley (State Bar No. 311897)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California  94111-4615
Telephone      (415) 394-9400
Facsimile:      (415) 394-9401
E-mail:   Scott.Jang@jacksonlewis.com
E-mail:   Stephanie.Yang@jacksonlewis.com
E-mail:   Mariko.Ashley@jacksonlewis.com

Attorneys for Defendant
SKY CHEFS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| VALENTINA REYES, on behalf of herself and all "aggrieved employees" pursuant to Labor Code § 2698 *et seq.*,<br><br>               Plaintiffs,<br><br>          v.<br><br>SKY CHEFS, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>               Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br><br><br>Complaint Filed:    June 7, 2019<br>FAC Filed:           November 4, 2020 |

**TO THE HONORABLE CLERK OF THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Sky Chefs, Inc. ("Sky Chefs" or "Defendant") invokes this Court's jurisdiction and removes this action, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 (Class Action Fairness Act), and 28 U.S.C. §§ 181−88 (Railway Labor Act), the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Alameda ("Alameda Superior Court"). The removal is based on the following grounds:

I.      **PROCEDURAL BACKGROUND.**

1.      On June 7, 2019, Plaintiff Valentina Reyes ("Plaintiff") filed a civil action against

NOTICE OF REMOVAL TO FEDERAL COURT

Defendant in Alameda Superior Court, titled *Valentina Reyes, et al. v. Sky Chefs, Inc., et al.*, Case No. HG19022092, which asserted a single cause of action under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698, *et seq*., based on the alleged failure to provide rest periods and meal breaks, with derivative claims for waiting time penalties and wage statement penalties.  On June 18, 2019, Plaintiff served Defendant the Summons and Complaint, a true and correct copy of which is attached as **Exhibit A**.

2.     On July 30, 2019, Defendant filed its Answer to Plaintiff's PAGA-only Complaint in Alameda Superior Court.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit B**.

3.     On October 9, 2020, Plaintiff filed a motion for leave to file a first amended complaint to include class action allegations, which was granted by the Alameda Superior Court on November 3, 2020.  Plaintiff filed and served her First Amended Class and Representative Action Complaint ("FAC") on November 4, 2020, which was the first pleading from which it could be first ascertained that this case had become removable per 28 U.S.C. § 1446(b)(3).  A true and correct copy of Plaintiff's FAC is attached as **Exhibit C** ("FAC").

4.     Plaintiff's FAC alleges the following causes of action:  (1) failure to pay all minimum and overtime wages (Cal. Lab. Code §§ 510, 1194, 1194.2); (2) failure to provide rest periods or compensation in lieu thereof (Cal. Lab. Code § 226.7, IWC Wage Order 9-2001); (3) failure to provide meal periods or compensation in lieu thereof (Cal. Lab. Code §§ 226.7, 510, 512, 1194, IWC Wage Order 9-2001); (4) knowing and intentional failure to comply with itemized employee wage statement provisions (Cal. Lab. Code § 226); (5) failure to pay wages due at separation of employment (Cal. Lab. Code §§ 201–03); (6) violation of Business and Professions Code §§ 17200, *et seq*.; and (7) PAGA penalties (Cal. Lab. Code §§ 2699, *et seq*.)  (*See* FAC ¶¶ 3–5, 18.)

5.     In her FAC, Plaintiff has pleaded that she seeks to represent the following classes:

### CLASS I

All non-exempt California employees employed by Defendants at any time since the date four years preceding the filing of this Action.

///

2

**CLASS II**

> All non-exempt California employees employed by Defendants at any time since the date three years preceding the filing of this Action and who are no longer employed by Defendants.

(*Id.* ¶ 13.)

6.      Exhibits A, B and C constitute all the pleadings served on or filed by Defendant in the state court action prior to the filing this Notice of Removal.

## II.      VENUE

7.      Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a).  Section 1441(a) provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

8.      As indicated above, Plaintiff brought this action in Alameda Superior Court.  The United States District Court for the Northern District of California encompasses this county.  28 U.S.C. § 84(a).

## III.      THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

9.      Plaintiff brings this action as a putative class action.[1]  Removal under the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446 because (1) the aggregate number of putative class members in all proposed classes is 100 or greater; (2) diversity of citizenship exists between at least one putative class member and the named defendants in this matter; and (3) the amount placed in controversy by the complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1089–90, 1090 n.2 (9th Cir. 2010).  Although Defendant denies Plaintiff's factual allegations and further denies that Plaintiff or the class she purports to represent is entitled to the relief requested, all requirements for jurisdiction under CAFA have been met in this case.

---

[1] Defendant denies, and reserves the right to contest at the appropriate time, that this action can properly proceed as a class action.

NOTICE OF REMOVAL TO FEDERAL COURT

**A.**     **The Putative Class Has More Than 100 Members.**

10.     To remove under CAFA, the aggregate number of putative class members in all proposed classes must be greater than 100.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B); *United Steel*, 602 F.3d at 1090, 1090 n.2.  Though Plaintiff's FAC alleges that she "is informed and believes" that Sky Chefs employed "over 75 persons" in the California during the relevant time period, the FAC further alleges that "[a]ccounting for employee turnover during the relevant periods necessarily increases this number."  (FAC ¶¶ 15–17.)

11.     According to the FAC, the relevant class period for all claims is four years preceding the June 7, 2019 filing of the initial Complaint through the present date—except for the waiting time penalty claim, which has a relevant class period of three years preceding the filing of the initial Complaint.  (Id. ¶ 13.)

12.     Sky Chefs employed at least 1,350 nonexempt employees in California since June 7, 2016.  (Declaration of Michele Segnello ("Segnello Decl.") ¶ 5.)  Accordingly, there are at least 100 members of Plaintiff's proposed class.

**B.**     **Diversity Of Citizenship Exists.**

13.     To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists—that is, one putative class member is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2)(a) (stating that under CAFA's minimal diversity requirements, diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant"); *United Steel*, 602 F.3d at 1090–91 (holding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

14.     "An individual is a citizen of the state in which he is domiciled. . . ."  *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

4

15. According to Plaintiff's personnel records, Plaintiff's last known address is in Manteca, California. (Segnello Decl. ¶ 3.) The FAC also alleges that Plaintiff was employed by Sky Chefs as a nonexempt employee in Alameda County, California. (FAC ¶ 7.) Plaintiff is a citizen of California for diversity jurisdiction purposes.

16. Moreover, Plaintiff has brought claims on behalf of putative class members residing in California. (*Id.* ¶ 13.) Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

17. A corporation is a citizen of any state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In *Hertz Corp v. Friend*, 559 U.S. 77 (2010), the United States Supreme Court recognized and adopted the "nerve-center" test to determine the state in which a corporation has its principal place of business. *Id.* at 93. Under the "nerve-center" test, the principal place of business refers to the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93. [This] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and "not simply an office where the corporation holds its board meetings." *Id.* at 93.

18. Defendant Sky Chefs, Inc. is a citizen of the State of Delaware and the State of Texas. Sky Chefs, Inc. is incorporated under the laws of Delaware and maintains its headquarters in Irving, Texas, where its corporate officers direct, control and coordinate the corporation's activities. (Segnello Decl. ¶ 4.)

19. It is not necessary for DOES 1 through 10 to join in this removal as they have been sued under fictitious names, have not been served or received the Summons or the Complaint (or the FAC), and, under 28 U.S.C. § 1441(b)(1), are disregarded for purposes of removal and are not proper parties in this Court.

20. Accordingly, at least one member of the putative class is a citizen of a state different from a defendant for the purpose of determining diversity. Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Texas. 28 U.S.C. §§ 1332(d)(10). As a result, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only

5

"minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### C.   The Amount in Controversy Exceeds $5,000,000.

21.     Pursuant to CAFA, the claims of the individual members in a putative class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).  Plaintiff may not avoid removal to federal court under CAFA's $5,000,000 amount in controversy requirement by expressly alleging or subsequently stipulating that damages fall below that sum.  *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1347 (2013).  Because here Plaintiff has not expressly pled a specific amount of damages, Sky Chefs need only show that it is more likely than not that the amount in controversy exceeds $5,000,000.  *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788–89 (9th Cir. 2018); *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 376 (9th Cir. 1997).

22.     A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" within the removing party's notice of removal.  *See Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  In the case of a dispute, Sky Chefs' burden to establish the amount in controversy is the preponderance of the evidence standard.  *Id.*; *see also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases).  "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case."  Senate Judiciary Report, S. REP. 109–14, at 42 (2005) (citation omitted).

23.     A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations."  *Oda v. Gucci America, Inc*., Case No. 2:14-cv-7468-SVW (JPRx), 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Mackall v. HealthSource Global Staffing, Inc.*, Case No. 16-cv-03810-WHO, 2016 U.S. Dist. LEXIS

119292, at *8 (N.D. Cal. Sept. 2, 2016) ("[T]he burden to establish the amount in controversy by a preponderance of the evidence does not require the defendant to 'research, state, and prove the plaintiff's claims for damages.'"); *Sanchez v. Russell Sigler, Inc.*, Case No. CV 15-01350-AB (PLAx), 2015 U.S. Dist. U.S. LEXIS 55667, at *5 (C.D. Cal. Apr. 28, 2015). ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages.") (citation omitted). *See also LaCross v. Knight Transport. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable"); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198, n.1 (9th Cir. 2015) (stating that in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy"). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's FAC, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (explaining that courts are directed "to first look to the complaint in determining the amount in controversy") (citation omitted).

24.     Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support of its removal allegations. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020); *Craig v. Universum Communs., Inc.*, Case No. 20-cv-01284-HSG, 2020 U.S. Dist. LEXIS 144046, at *9 (N.D. Cal. Aug. 11, 2020) ("Defendant is not required to submit outside evidence[.]"). However, as detailed below, Sky Chefs has both plausibly alleged and established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 and the Court has jurisdiction pursuant to CAFA.

25.     Although Sky Chefs denies Plaintiff's factual allegations and denies that Plaintiff or the putative class she seeks to represent is entitled to any relief, Plaintiff's allegations have more likely than not put into controversy an amount that exceeds the $5,000,000 threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).

26.     Plaintiff alleges seven causes of action on behalf of herself  and the putative class: (1) failure to pay minimum and overtime wages; (2) failure to provide rest periods or rest period premiums; (3) failure to provide meal periods or meal period premiums; (4) failure to provide

itemized wage statements; (5) waiting time penalties; (6) unfair business practices; and (7) civil penalties under PAGA.  (*See* FAC ¶¶ 3–5, 18.)

### 1.   Waiting Time Penalties

27.     Regarding Plaintiff's fifth cause of action for waiting time penalties pursuant to Cal. Lab. Code § 203(a), Plaintiff seeks waiting time penalties on behalf of herself and putative class members under Labor Code section 203, from the date their earned and unpaid wages were due, upon termination or resignation, up to a maximum of thirty days.  (*Id.* ¶¶ 39–43).

28.     Since June 7, 2016, at least 1,350 nonexempt California employees terminated their employment with Sky Chefs.  (Segnello Decl. ¶ 5.)  The average rate of pay for nonexempt employees in California during the putative class period was approximately $15.41 per hour. (Id.)

29.     Therefore, the total waiting time penalties placed at issue by the FAC is at least $4,992,840 (1,350 terminated employees x $15.41 average hourly rate x 8 hours per day x 30 days).

### 2.   Wage Statement Penalty Claim

30.     Pursuant to Labor Code Section 226(e)(1), an employee suffering an injury as a result of a knowing and intentional failure by an employer (which Plaintiff alleges) is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000.  See Cal. Lab. Code § 226(a), (e)(1).  Labor Code Section 226 has a one-year statute of limitations for wage statement penalties.  See Cal. Civ. Code. §340.

31.     Per the applicable collective bargaining agreement, unionized nonexempt employees of Sky Chefs in California were paid weekly.  (Segnello Decl. ¶ 8.)  Nonunionized nonexempt employees of Sky Chefs in California were paid biweekly.  (*Id.*)

32.     Since June 7, 2018, there were at least 1,250 nonexempt employees of Sky Chefs in California who worked at least 41 pay periods during the one-year statute of limitations. (Segnello Decl. ¶ 6.)

33.     Therefore, according to Plaintiff's allegations, the total amount-in-controversy for

8

her Labor Code Section 226 claim is at least $5,000,000 ($1,250 * $4,000 maximum penalty for 41 or more pay periods).

### 3.   Other Claims, Attorneys Fees

34.     In addition to these two claims, Plaintiff seeks damages on behalf of herself and the putative class for: (1) failure to pay minimum and overtime wages; (2) failure to provide rest periods; and (3) failure to provide meal periods.  (FAC ¶¶ 23–34.)  These potential damages and/or penalties significantly increase the amount in controversy.

35.     Finally, Plaintiff seeks attorneys' fees and costs.  (*Id.*, Prayer for Relief ¶¶ 9–10.).  Although Sky Chefs denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees.  *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) (noting that federal courts have consistently approved of attorney fee awards over the 25% benchmark, specifically at a rate of 30% or higher); *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).

36.     Accordingly, the following is the minimum amount in controversy based on the allegations alleged by Plaintiff:

| | |
|---|---|
| Waiting Time Penalties | $4,992,840 |
| Wage Statement Penalties | $5,000,000 |
| Attorneys' Fees | $2,498,210 |
| **Minimum Amount-In-Controversy:** | **$12,491,050** |

37.     Based on the foregoing, all requirements for CAFA removal are satisfied here.

## IV.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION BECAUSE THIS MATTER PRESENTS A FEDERAL QUESTION UNDER THE RAILWAY LABOR ACT ("RLA").

38.     U.S. District Courts have original jurisdiction over lawsuits involving federal law. 28 U.S.C. §1331 ("The district courts shall have original jurisdiction of all civil actions under the . . . laws . . . of the United States.").  When a case filed in state court falls within the original jurisdiction of a district court, a defendant may remove the matter to federal court.  28 U.S.C. §

9

1441(a).

39.     Removal is proper here because Plaintiff's FAC raises questions of federal law under Section 184 of the Railway Labor Act (the "RLA").  See 28 U.S.C. §§ 181-88.

40.     Sky Chefs is a carrier subject to the RLA, which applies to railway and airline carriers, as well as "any company…which operates any equipment or facilities, or performs any service in connection with the transportation, receipt, delivery, elevation, transfer in transit, refrigerator or icing, storage, and handling of property" transported by a carrier.  45 U.S.C. § 151(1).

41.     The RLA provides that both carriers and their employees "shall exert every reasonable effort to make and maintain agreements concerning the rates of pay, rules, and working conditions, and to settle all disputes, whether arising out of the application of such agreements or otherwise, in order to avoid any interruption to commerce."  45 U.S.C. § 152.  To this end, the RLA sets up a mandatory arbitral mechanism to handle disputes "growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions."  *Soldinger v. Nw. Airlines*, 51 Cal. App. 4th 345, 358 (1996) (internal citations omitted).

42.     The Supreme Court of the United States held that the preemption standard applied under section 301 of LMRA is also appropriate for addressing questions of RLA preemption.  *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 263 (1994) (holding that "a state-law claim is pre-empted where it 'depends on the interpretation' of the CBA"); *Alvarez v. TransitAmerica Servs.*, 2019 U.S. Dist. LEXIS 5063, at *8-9 (N.D. Cal. Jan. 9, 2019) (analyzing whether California wage and hour claims are preempted under the RLA based on if the state-law claims require an interpretation of an existing provision of a CBA); *see also Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1016 (9th Cir. 2000) ("[A]lthough the language of [LMRA] § 301 is limited to 'suits for violation of contracts,' it has been broadly construed to cover most state-law actions that require interpretation of labor agreements."); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) ("When resolution of a state-law claim is substantially dependent upon analysis of the terms of a collective-bargaining agreement, that claim must either

10

1   be treated as a 301 claim or dismissed as pre-empted by federal labor-contract law.")

2       43.     Plaintiff and the putative class members are members of a labor union, Unite Here.

3   (Segnello Decl. ¶ 7.)  During the relevant time period, Unite Here was and is a representative

4   within the meaning of Section 151(6) of the RLA.  45 U.S.C. § 151(6).  Sky Chefs and Unite

5   Here entered into a collective bargaining agreement (the "CBA"),which governs the work carried

6   out by certain nonexempt employees in California.  (Segnello Decl. ¶ 7.)  Attached as **_Exhibit 1_**

7   to the Segnello Declaration is a true and correct copy of the CBA dated August 22, 1969—most

8   recently amended on April 7, 2016—which applies to those nonexempt employees in California.

9       44.     Here, the FAC alleges only state law violations and neglects to mention that class

10  members are bound by a valid CBA, which addresses the injuries Plaintiff alleges.  However, the

11  Court is empowered to look beyond the FAC to the CBA, which makes clear that Plaintiff's

12  claims are preempted by the RLA.  *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997

13  (9th Cir. 1987) ("The district court . . . properly looked beyond the face of the complaint to

14  determine whether the contract claim was in fact a section 301 claim for breach of a collective

15  bargaining agreement artfully pleaded to avoid federal jurisdiction.") (internal quotation marks

16  omitted).

17      45.     Even though Plaintiff styles her first, second, third, fourth and fifth causes of

18  action as violations of the California Labor Code, she is in fact claiming that Sky Chefs breached

19  the terms of the CBA.  (*See* FAC ¶¶ 18, 23–43.)  There are numerous circumstances in which the

20  Court will need to interpret the CBA to resolve Plaintiff's claims.  The following is a non-

21  exhaustive list of such circumstances:

22      46.     First, the CBA defines which employees are covered by the agreement as follows:

23  "employees in its service comprising the craft or class of flight kitchen, commissary, hotel/motel,

24  restaurant and related employees…in accordance with the provisions with the Railway Labor Act,

25  as amended."  (Segnello Decl. ¶ 7, Exhibit 1 ("CBA") at p. 3.)  The Court will have to interpret

26  the CBA under the RLA to determine whether certain putative class members are included or

27  excluded under the terms of the CBA.

28      47.     Second, Labor Code section 514 provides that *the minimum wage requirements*

NOTICE OF REMOVAL TO FEDERAL COURT

*"do not apply to an employee covered by a valid collective bargaining agreement* if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rate for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514 (emphasis added). Here, the applicable CBA expressly provides (1) hourly rates of pay for each job classification which is 30% more than the state minimum wage for certain job classifications (Segnello Decl. Exhibit 1 (CBA) at p.4, Local Wage Supplements.); (2) hours of employment *Id.* at p. 19.); (3) working conditions for employees (*Id.* at p. 4-33.); and (4) a premium wage rate for overtime hours. Plaintiff's overtime claims can only arise out of the CBA, which specifically provides that "[a]ll work performed in excess of 40 hours per week[] shall be paid at the rate of time and one-half the employee's regular rate of pay." Thus, interpretation of these CBA provisions is essential to resolving Plaintiff's overtime claim. Simply put, because Plaintiff alleges Sky Chefs did not pay employees overtime for hours worked in excess of 40 hours per workweek, Plaintiff's allegations boil down to a contention that Sky Chefs did not perform under the CBA. Accordingly, Plaintiff's FAC asserts a claim based upon a right conferred upon employees by the CBA, and preemption is justified. *Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000).

48.     Third, the CBA also provides conditions regarding meal breaks. (Segnello Decl. ¶ 7, Exhibit 1 (CBA) at p. 24 ("Meal periods shall be unpaid and are normally scheduled for thirty (30) minutes.").) Plaintiff's allegation that she and other putative class members did not receive meal periods is a further claim that Sky Chefs failed to perform under the CBA.

49.     Fourth, the CBA provides a mandatory grievance procedure for disputes between the putative class members and Sky Chefs, specifically including "matters relating to wages, fringes, and conditions." (Segnello Decl. Exhibit 1 (CBA) at p. 7-1.)

50.     Fifth, interpretation of the CBA is necessary to determine certain putative class members' regular rate of compensation. In *Fitz-Gerald v. SkyWest*, 155 Cal. App. 4th 411, 419 (2007), the court held plaintiffs' meal and rest claims were preempted by the RLA where—assuming that the trial court found meal and rest period violations—interpretation of the CBA

12

1   was necessary to determine the employees' regular rate of compensation for premiums under the

2   Wage Order.  *Id.* at 421–22.  For the same reasons here, Plaintiff's overtime claims, minimum

3   wage claims, meal period claims, and rest period claims require interpretation of the appropriate

4   CBA.  Thus, Plaintiff's allegations are preempted by the RLA.

5        51.     Finally, Plaintiff's fourth cause of action for wage statement penalties, fifth cause

6   of action for waiting time penalties, and seventh cause of action for unfair competition are all

7   derivative of Plaintiff's other theories.  Accordingly, these causes of action are directly founded

8   on rights created by the CBA, are substantially dependent on an interpretation of the CBA, and

9   are therefore preempted by the RLA.

10  **V.      SUPPLEMENTAL JURISDICTION.**

11       52.     To the extent any of Plaintiff's claims are not removable, this Court has

12  supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because they are part of the same

13  common nucleus of operative facts over which this Court has original jurisdiction.

14  **VI.     TIMELINESS OF REMOVAL**

15       53.     Plaintiff served Sky Chefs with the FAC on November 4, 2020—thus, this present

16  Notice of Removal is timely because it was filed within thirty days after Sky Chefs was served

17  with papers from which it could first be ascertained that the case was removable.

18  28 U.S.C. § 1446(b).  No previous Notice of Removal has been filed or made with this Court.

19  **VII.    NOTICE TO PLAINTIFF AND STATE COURT**

20       54.     In accordance with 28 U.S.C. § 1446(d), Defendant's counsel certifies that a copy

21  of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel

22  and filed with the Clerk of Alameda Superior Court.  As such, all procedural requirements have

23  been satisfied.

24  ///

25  ///

26  ///

27  ///

28  ///

NOTICE OF REMOVAL TO FEDERAL COURT

## VIII.  <u>CONCLUSION</u>

55.     For the reasons set forth above, removal to this Court is proper.

Dated:  December 4, 2020

JACKSON LEWIS P.C.

By: _____

Scott P. Jang
Stephanie T. Yang
Mariko Mae Ashley
Attorneys for Defendant
SKY CHEFS, INC.

4830-3158-9073, v. 4

NOTICE OF REMOVAL TO FEDERAL COURT

**EXHIBIT A**

22192372

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** SKY CHEFS, INC., a Delaware
*(AVISO AL DEMANDADO):* corporation, and DOES 1 through 10,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** VALENTINA REYES, on behalf
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* of herself and
all "aggrieved employees" pursuant to Labor Code
§ 2698 et seq.



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
ALAMEDA COUNTY

JUN 0 7 2019

CLERK OF THE COURT

BY: _____ Deputy Clerk

FILE BY FAX

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Alameda<br>1225 Fallon St.<br>Oakland, California  94612 | CASE NUMBER:<br>*(Número del Caso):*<br>HG19022092 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Alex P. Katofsky, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gaines & Gaines, APLC
27200 Agoura Road, Suite 101, Calabasas, CA 91301                          818-703-8985

DATE: JUN 0 7 2019          Chad Finke, Court Executive Officer, by        ASAL SPONSEL        , Deputy
*(Fecha)*                          *(Secretario)*                                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)                    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]
SUPERIOR COURT OF CALIFORNIA
EUREKA
COUNTY OF ALAMEDA

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

1    KENNETH S. GAINES, ESQ. SBN 049045
     ken@gaineslawfirm.com
2    DANIEL F. GAINES, ESQ. SBN 251488
     daniel@gaineslawfirm.com
3    ALEX P. KATOFSKY, ESQ. SBN 202754
     alex@gaineslawfirm.com
4    SEPIDEH ARDESTANI, ESQ. SBN 27429
     sepideh@gaineslawfirm.com
5    **GAINES & GAINES, APLC**
     27200 Agoura Rd., Suite 101
6    Calabasas, CA 91301
     Telephone: (818) 703-8985
7    Facsimile: (818) 703-8984

**F I L E D**
ALAMEDA COUNTY

JUN 0 7 2019

CLERK OF THE COURT
BY: _____
Deputy Clerk

FILED BY FAX

8    Attorneys for Plaintiff Valentina Reyes, on behalf of herself and all "aggrieved employees"
9    pursuant to Labor Code § 2698 *et seq.*

10

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11

**FOR THE COUNTY ALAMEDA**

12

13    VALENTINA REYES, on behalf of herself
and all "aggrieved employees" pursuant to
14    Labor Code § 2698 *et seq.*,

      CASE NO: HG19022092

15            Plaintiffs,

**REPRESENTATIVE ACTION
COMPLAINT FOR PENALTIES
PURSUANT TO LABOR CODE § 2699(f)
FOR VIOLATIONS OF LABOR CODE
§§ 201-202, 226(a), 226.7, AND 512 AND
PURSUANT TO LABOR CODE § 2699(a)
FOR VIOLATIONS OF LABOR CODE
§ 226.3**

16    v.

17    SKY CHEFS, INC., a Delaware corporation,
and DOES 1 through 10, inclusive,

18            Defendants.

**DEMAND FOR JURY TRIAL**

19

20

21      Plaintiff VALENTINA REYES ("Plaintiff"), on behalf of herself and all non-exempt

22 California employees who currently work or formerly worked for SKY CHEFS, INC., a Delaware

23 corporation, and/or any subsidiaries or affiliated companies (hereinafter referred to as "Defendants")

24 within the State of California ("Aggrieved Employees") under the Labor Code Private Attorneys

25 General Act of 2004 complains of Defendants as follows:

**I.**

26

27           **INTRODUCTION AND FACTUAL BACKGROUND**

28       1.    This is a Representative Action, pursuant to Labor Code § 2698 et seq., on behalf of
Plaintiff and Aggrieved Employees.

-1-

2.      For at least one (1) year prior to the filing of this action and at least one (1) year prior to the date Plaintiff began the process of exhausting the administrative requirements, pursuant to Labor Code § 2698 *et seq.*, and continuing to the present (the "liability period"), Defendants have had consistent policies of:

a.      Failing to pay premium wages to Plaintiff and other Aggrieved Employees who were denied rest breaks, in violation of Labor Code § 226.7 and IWC Wage Order 9-2001. Plaintiff and Aggrieved Employees were routinely not authorized and unable to take an off-duty, 10-minute rest break for every four (4) hours of work or major fraction thereof, but were not paid premium wages of one hour's pay for each missed rest break. Defendants also maintained an illegal rest period practice that required Plaintiff and Aggrieved Employees to remain on the company premises during their rest breaks, resulting in impermissible on-duty rest periods. This violates Labor Code § 226.7 and IWC Wage Order No. 9-2001.

b.      Failing to pay pay premium wages to Plaintiff and other Aggrieved Employees who were denied proper meal periods, in violation of Labor Code §§ 226.7, 512 and IWC Wage Order 9-2001. Plaintiff and other Aggrieved Employees were routinely denied, and not authorized to take, a timely, uninterrupted, 30-minute meal period for every shift worked that exceeded five hours in duration, or a second, timely, uninterrupted 30-minute meal period for every shift that exceeded ten (10) hours in duration, but were not paid premium wages of one hour's pay for each missed first or second meal period. This violates Labor Code §§ 226.7, 512 and IWC Wage Order 9-2001.

c.      Failing to provide Plaintiff and other Aggrieved Employees with wage statements that fully and accurately itemized the requirements set forth in Labor Code §§ 226(a) and 226.3. Plaintiff and other Aggrieved Employees were not paid all wages due, including premium wages for unauthorized and denied meal and rest periods, as stated above.  As such, the wage statements provided by Defendant failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1) and net wages earned, in violation of Labor Code § 226(a)(5).

d.      Failing to timely pay Plaintiff and certain Aggrieved Employees all wages due at the separation of their employment based on the time frames required by Labor Code §§ 201 and 202. As stated above, Plaintiff and some Aggrieved Employees were not paid all wages due during

1   the course of their employment and, as a result of this failure, they were not timely paid all wages due

2   at the separation of their employment. This violates Labor Code §§ 201-202.

3       3.      Plaintiff, on behalf of herself and Aggrieved Employees pursuant to Labor Code §

4   2698 *et seq.*, seeks civil penalties for Defendants' violations of the California Labor Code.

5       4.      Venue is proper in this judicial district, pursuant to Code of Civil Procedure § 395.

6   Plaintiff worked for Defendant in Alameda County, California.

## II.

## PARTIES

### A.      Plaintiff

10      5.      Plaintiff VALENTINA REYES was employed by Defendants from August 2018

11  through November 2018 as a non-exempt employee in Alameda County, California.

### B.      Defendants

13      6.      Defendant SKY CHEFS, INC. is a Delaware corporation.  Defendants employed

14  Plaintiff and Aggrieved Employees in California, including in Alameda County.

15      7.      The true names and capacities, whether individual, corporate, associate, or otherwise,

16  of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who

17  therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is

18  informed and believes, and based thereon alleges, that each of the Defendants designated herein as a

19  DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will

20  seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants

21  designated hereinafter as DOES when such identities become known.

22      8.      Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted

23  in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme,

24  business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally

25  attributable to the other Defendants.

26      9.      The Defendants named herein as DOE 1 through DOE 10 are and were persons acting

27  on behalf of, or acting jointly with, Defendants, who violated, or caused to be violated, one or more

28  provisions of the California Labor Code as alleged herein.

III.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**PLAINTIFF AND ALL AGGRIEVED EMPLOYEES AGAINST DEFENDANTS PENALTIES PURSUANT TO LABOR CODE § 2699(f) FOR VIOLATIONS OF LABOR CODE §§ 201-202, 226(a), 226.7, AND 512 AND PURSUANT TO LABOR CODE § 2699(a) FOR VIOLATIONS OF LABOR CODE § 226.3**

10.     Plaintiff incorporates paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11.     As a result of the acts alleged above, including the Labor Code violations set forth in paragraph 2 above, Plaintiff seeks civil penalties pursuant to Labor Code §§ 2698 *et seq.*

12.     For each such violation, Plaintiff and all other Aggrieved Employees are entitled to penalties and other relief in an amount to be shown at the time of trial subject to the following formula:

a.     Pursuant to Labor Code § 2699(f), $100 for each initial violation and $200 for each subsequent violation of Labor Code §§ 201-202, 226(a), 226.7, and 512; and

b.     Pursuant to Labor Code § 2699(a), the civil penalties as authorized by Labor Code § 226.3.

13.     Civil penalties recovered will be allocated 75% to the Labor and Workforce Development Agency, and 25% to the affected employees.

14.     On March 25, 2019, Plaintiff sent a letter, by online submission to the LWDA and by certified mail, return receipt requested, to Defendants setting forth the facts and theories of the violations alleged against Defendants, as prescribed by Labor Code § 2698 *et seq.* Pursuant to Labor Code § 2699.3(a)(2)(A), no notice was received by Plaintiff from the LWDA within sixty-five (65) calendar days of March 25, 2019. Plaintiff may therefore commence this action to seek civil penalties pursuant to Labor Code § 2698 *et seq.*

Wherefore, Plaintiff and the Aggrieved Employees she seeks to represent request relief as described below.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1.      For civil penalties pursuant to Labor Code § 2698 *et seq.* for Plaintiff and all other Aggrieved Employees;

2.      An award providing for payment of costs of suit pursuant to Labor Code § 2699(g)(1) and other applicable law;

3.      An award of attorneys' fees pursuant to Labor Code § 2699(g)(1) and other applicable law; and

4.      Such other and further relief as this Court may deem just and proper.

Dated: June 7, 2019

Respectfully submitted,

GAINES & GAINES
A Professional Law Corporation

By: _____
DANIEL F. GAINES
SEPIDEH ARDESTANI
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

Dated: June 7, 2019

Respectfully submitted,

GAINES & GAINES
A Professional Law Corporation

By: _____
DANIEL F. GAINES
SEPIDEH ARDESTANI
Attorneys for Plaintiff

Gaines & Gaines, APLC
Attn: Katofsky, Alex P.
27200 Agoura Road
Suite 101
Calabasas, CA  91301____

---

## Superior Court of California, County of Alameda

| | |
|---|---|
| Reyes<br><br>        **Plaintiff/Petitioner(s)**<br>VS.<br><br>Sky Chefs, Inc. a Delaware corporation<br>        **Defendant/Respondent(s)**<br>(Abbreviated Title) | No. <u>HG19022092</u><br><br>**NOTICE OF CASE MANAGEMENT<br>CONFERENCE AND ORDER**<br>Unlimited Jurisdiction |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **10/21/2019**<br>Time: **09:15 AM** | Department: **15**<br>Location: **Administration Building**<br>**Third Floor**<br>**1221 Oak Street, Oakland  CA  94612**<br><br>Internet: **www.alameda.courts.ca.gov** | Judge: **Evelio Grillo**<br>Clerk: **Pamela Drummer-Williams**<br>Clerk telephone:  **(510) 267-6931**<br>E-mail:<br>**Dept.15@alameda.courts.ca.gov**<br>Fax: |

### ORDERS

1. **Plaintiff** must:

   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

   a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. **File and serve** a completed *Case Management Statement* on Form CM-110  at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30.  Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone.  Contact CourtCall, an independent vendor, at least three business days before the scheduled conference.  Call 1-888-882-6878, or fax a service request to (888) 882-2946.  The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery.  Submit them directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to *www.alameda.courts.ca.gov/ff*.

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference.  This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration.  Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc*.

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/11/2019.

By _____

Deputy Clerk

**EXHIBIT B**

Lisa B. Sween (State Bar No. 191155)
Scott P. Jang (State Bar No. 260191)
Stephanie Yang (State Bar No. 280006)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California  94111-4615
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mail: Lisa.Sween@jacksonlewis.com
E-mail: Scott.Jang@jacksonlewis.com
E-mail: Stephanie.Yang@jacksonlewis.com

Attorneys for Defendant
SKY CHEFS, INC.

ENDORSED
FILED
ALAMEDA COUNTY
JUL 30 2019
CLERK OF THE SUPERIOR COURT
By _____
TANIA FIERCE    Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| VALENTINA REYES, on behalf of herself and all "aggrieved employees" pursuant to Labor Code §2698 *et seq.*,<br><br>Plaintiffs,<br><br>v.<br><br>SKY CHEFS, INC., a Delaware corporation, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. HG19022092<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE Evelio Grillo DEPARTMENT 15<br><br>**DEFENDANT SKY CHEFS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:   06/27/2019<br>Trial Date:        None Set |

Defendant Sky Chefs, Inc. ("Defendant") hereby answers the unverified Complaint ("Complaint") filed by Plaintiff Valentina Reyes ("Plaintiff") as follows:

### **GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation of the unverified Complaint and further specifically denies that Plaintiff or any other individual whom she seeks to represent in this action has suffered any injury or damages of any kind attributable in any way to an act or omission of Defendant.

///

///

1

**AFFIRMATIVE DEFENSES**

2    Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant

3 has any burden of proof, Defendant asserts the following affirmative and other defenses.

4

**FIRST DEFENSE**

5

*(Failure to State a Claim)*

6    Each Cause of Action asserted in the Complaint fails, to the extent any of them fails to

7 state facts sufficient to constitute a cause of action against Defendant upon which relief may be

8 granted.

9

**SECOND DEFENSE**

10

*(Standing)*

11    Plaintiff lacks standing to bring the claims alleged in the Complaint, either individually

12 or as a representative.

13

**THIRD DEFENSE**

14

*(Statute of Limitations)*

15    Each Cause of Action asserted in the Complaint is barred to the extent any claim is

16 untimely under the applicable statute of limitations pursuant to California Labor Code section

17 2698, *et seq.* ("PAGA"), and California Code of Civil Procedure section 340(a).

18

**FOURTH DEFENSE**

19

*(Voluntary Waiver of Meal and Rest Breaks)*

20    Plaintiff's claim premised on alleged failure to provide meal and rest breaks is barred in

21 whole or in part to the extent Defendant provided and permitted meal and rest breaks in compliance

22 with California law, and Plaintiff or anyone whom she seeks to represent in this action voluntarily

23 waived their right to take the meal or rest breaks as provided.

24

**FIFTH DEFENSE**

25

*(No Willful Conduct)*

26    To the extent Plaintiff or anyone whom she seek to represent in this action seeks penalties

27 for any alleged willful failure to comply with the requirements of the California Labor Code, such

28 penalties are barred because Defendants did not willfully violate any provision of the California

Defendant's Answer to Complaint                          Case No. HG19022092

1   Labor Code, and good faith disputes of fact and/or law exist concerning any alleged violations.

2   **SIXTH DEFENSE**

3   *(Avoidable Consequences)*

4   Each Cause of Action asserted in the Complaint is barred by the avoidable consequences

5   doctrine.  Defendant had procedures in place for reporting work-related issues, including the

6   payment of wages.  Plaintiff and anyone whom she seeks to represent in this action failed to

7   utilize Defendant's preventive and corrective measures.

8   **SEVENTH DEFENSE**

9   *(Offset)*

10   Recovery is barred to the extent Defendant compensated Plaintiff or anyone whom she

11   seeks to represent in this action in excess of what was required by law.

12   **EIGHTH DEFENSE**

13   *(Unconstitutional Penalties)*

14   Plaintiff and anyone whom she seeks to represent in this action are barred from

15   recovering the damages and penalties sought in the Complaint, including excessive PAGA

16   penalties, to the extent such requests are excessive and violate the Fourteenth Amendment to the

17   United States Constitution.

18   **NINTH DEFENSE**

19   *(Unjust, Arbitrary, Oppressive, and/or Confiscatory Award)*

20   An award of penalties under PAGA, if any, would be unjust, arbitrary, oppressive, and/or

21   confiscatory within the meaning of California Labor Code section 2699(e)(2).

22   **TENTH DEFENSE**

23   *(Due Process and Manageability)*

24   Plaintiff's claims under PAGA violate Defendant's right to due process.  The PAGA claims

25   are not susceptible to common proof, are fact intensive, and require highly individualized inquiries

26   into liability.  As such, adjudicating these claims on a representative basis under PAGA would

27   present intractable management issues that would deprive Defendant of its right to a fair trial.

28   ///

Defendant's Answer to Complaint                                        Case No. HG19022092

**ELEVENTH DEFENSE**

*(No Jury Trial)*

Plaintiff is not entitled to a jury trial, and instead must adjudicate her and any similarly situated individual's claims under PAGA by way of a bench trial.

**TWELFTH DEFENSE**

*(Failure to Exhaust Administrative Procedures)*

Each Cause of Action asserted in the Complaint is barred because Plaintiff failed to exhaust and comply with the administrative procedures under California Labor Code section 2699.3.

**ADDITIONAL DEFENSES**

Defendant asserts that the Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant will rely on any and all additional defenses that become available or appear during discovery in this action and specifically reserves the right to amend this Answer for purposes of asserting such additional affirmative defenses.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That all relief requested in the Complaint be denied and Plaintiff and anyone whom she seeks to represent in this action take nothing;

2. That the Complaint be dismissed in its entirety with prejudice;

3. For costs of suit incurred herein, including reasonable attorneys' fees to the extent permitted by applicable law; and

4. For such other and further relief as the Court deems just and equitable.

Dated: July 30, 2019                                      JACKSON LEWIS P.C.

By: _____
Lisa B. Sween
Scott P. Jang
Stephanie T. Yang
Attorneys for Defendant
SKY CHEFS, INC.

Defendant's Answer to Complaint                          Case No. HG19022092

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

I, Fatimah Sikin, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over the age of eighteen (18) years and am not a party to this action.

On July 30, 2019, I served the attached **DEFENDANT SKY CHEFS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**, in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Kenneth S. Gaines, Esq,<br>Daniel F. Gaines, Esq.<br>Alex P. Katofsky, Esq.<br>Sepideh Ardestani, Esq.<br>**GAINES & GAINES, APLC**<br>27200 Agoura Rd., Suite 101<br>Calabasas, CA 91301<br><br>Telephone: (818) 703-8985<br>Facsimile: (818) 703-8984<br>ken@gaineslawfirm.com<br>daniel@gaineslawfirm.com<br>alex@gaineslawfirm.com<br>sepideh@gaineslawfirm.com | *Attorneys for Plaintiff* |

☒   <u>BY MAIL</u>:   United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.   **[( ) *Courtesy copy by [fax] [e-mail].*]**

☐   <u>BY HAND DELIVERY</u>:   I caused such envelope to be delivered by hand to the above address.

☐   <u>BY OVERNIGHT DELIVERY</u>:   I caused such envelope to be delivered to the above address within 24 hours by overnight delivery service.

☐   <u>BY FACSIMILE</u>:   I caused such document to be transmitted by facsimile from our fax number (415) 394-9401 to the fax number indicated above (by written agreement, confirming letter dated and signed MM/DD/YY).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 30, 2019, at San Francisco, California.

_____
Fatimah Sikin

Proof of Service

Case No. HG19022092

**EXHIBIT C**

DANIEL F. GAINES, ESQ. SBN 251488
daniel@gaineslawfirm.com
ALEX P. KATOFSKY, ESQ. SBN 202754
alex@gaineslawfirm.com
EVAN S. GAINES, ESQ. SBN 287668
evan@gaineslawfirm.com
**GAINES & GAINES, APLC**
27200 Agoura Rd., Suite 101
Calabasas, CA 91301
Telephone: (818) 703-8985
Facsimile: (818) 703-8984

Attorneys for Plaintiff Valentina Reyes, on behalf of herself and all "aggrieved employees"
pursuant to Labor Code § 2698 *et seq.*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY ALAMEDA

| | |
|---|---|
| VALENTINA REYES, on behalf of herself and all "aggrieved employees" pursuant to Labor Code § 2698 *et seq.*,<br><br>Plaintiffs,<br><br>v.<br><br>SKY CHEFS, INC., a Delaware corporation, and DOES 1 through 10, inclusive, | CASE NO: HG19022092<br><br>*Assigned to the Hon. Evelio Grillo, Dept. 15*<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>**1.  FAILURE TO PAY ALL MINIMUM AND OVERTIME WAGES (LABOR CODE §§ 510, 1194 AND 1194.2)**<br><br>**2.  FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF (LABOR CODE § 226.7; IWC WAGE ORDER 9-2001)**<br><br>**3.  FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF (LABOR CODE §§ 226.7, 510, 512, AND 1194; IWC WAGE ORDER 9-2001)**<br><br>**4. KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a), (e))**<br><br>**5.  FAILURE TO PAY WAGES DUE AT SEPARATION OF EMPLOYMENT (LABOR CODE §§ 201-203)**<br><br>**6. VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200** |

**7. PENALTIES PURSUANT TO LABOR CODE § 2699(f) FOR VIOLATIONS OF LABOR CODE §§ 201-203, 226(a), 226.7, AND 512 AND PURSUANT TO LABOR CODE § 2699(a) FOR VIOLATIONS OF LABOR CODE § 226.3**

**DEMAND FOR JURY TRIAL**

*Complaint Filed:* June 7, 2019

Plaintiff VALENTINA REYES ("Plaintiff"), individually and on behalf of all similarly situated individuals (the "Class" or "Plaintiff Class"), and on behalf of the general public, and as an "aggrieved employee" under the Labor Code Private Attorneys General Act of 2004, complains of Defendants, and each of them, as follows:

**I.**

**INTRODUCTION AND FACTUAL BACKGROUND**

1.    This is a Class Action and Representative Action, pursuant to Code of Civil Procedure § 382 and Labor Code § 2698 *et seq.*, on behalf of Plaintiff and all other employees who work or formerly worked for SKY CHEFS, INC., a Delaware corporation, and any subsidiaries or affiliated companies (hereinafter collectively referred to as "Defendants") within the State of California.

2.    For at least four (4) years prior to the filing of this action and continuing to the present (the "liability period") Defendants have had a consistent policy of failing to pay all minimum and overtime wages due to Class I Members (as defined below); provide legally compliant meal and rest periods or compensation in lieu thereof to Class I Members; provide accurately itemized wage statements to Class I Members; and to timely pay wages upon separation of employment to Class II Members (as defined below).

3.    Plaintiff, on behalf of herself and members of each class, brings this action pursuant to Labor Code §§ 201-203, 226(a), 226.3, 226.7, 510, 512, 1194, and 1194.2 seeking compensation for all unpaid minimum wages, overtime wages, premium meal and rest period wages, civil and statutory penalties, liquidated damages, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

4.     Plaintiff, on behalf of herself and members of Class I and pursuant to Business & Professions Code §§ 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants enjoyed from their failure to pay all wages due to Class I Members.

5.     Plaintiff, on behalf of herself and all aggrieved employees pursuant to Labor Code §§ 2698 *et seq.*, seeks penalties and wages for Defendants' various violations of the California Labor Code.

6.     Venue is proper in this judicial district, pursuant to Code of Civil Procedure § 395 because Defendants employed Plaintiff and Class Members in Alameda County, California.

**II.**

**<u>PARTIES</u>**

**A.     Plaintiff**

7.     Plaintiff VALENTINA REYES was employed by Defendants from August 2018 through November 2018 as a non-exempt employee in Alameda County, California.

8.     During her work with Defendants, Plaintiff was:

      a.     Willfully denied the payment of all minimum and overtime wages;

      b.     Willfully denied rest periods or compensation in lieu thereof;

      c.     Willfully denied meal periods or compensation in lieu thereof;

      d.     Willfully denied accurately itemized wage statements; and

      e.     Denied the timely payment of wages upon separation of her employment.

**B.     Defendants**

9.     Defendant SKY CHEFS, INC. is a Delaware corporation.  Defendants employed Plaintiff and Aggrieved Employees in California, including in Alameda County.

10.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will

-3-

1  seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants

2  designated hereinafter as DOES when such identities become known.

3       11.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted

4  in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme,

5  business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally

6  attributable to the other Defendants.

7       12.    The Defendants named herein as DOE 1 through DOE 10 are and were persons acting

8  on behalf of, or acting jointly with, Defendants, who violated, or caused to be violated, one or more

9  provisions of the California Labor Code as alleged herein.

### III.

### CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this action on behalf of herself and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.  Plaintiff seeks to represent the following classes composed of and defined as follows:

**CLASS I**

All non-exempt California employees employed by Defendants at any

time since the date four years preceding the filing of this Action

**CLASS II**

All non-exempt California employees employed by Defendants at any

time since the date three years preceding the filing of this Action and

who are no longer employed by Defendants.

14.     Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify these class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

15.     This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

\\\

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

**A.    Numerosity**

16.    The potential members of each Class as defined are so numerous that joinder of all Class Members is impracticable.  While the precise number of members of each class has not been ascertained at this time, Plaintiff is informed and believes, and based thereon alleges, that Defendants currently employ, and during the relevant time periods employed, over 75 persons in the State of California who fall within each class definition.

17.    Accounting for employee turnover during the relevant period necessarily increases this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of members of each class.  Joinder of members of each class is not practicable.

**B.    Commonality**

18.    There are questions of law and fact common to each class that predominate over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

    a.    Whether Defendants failed to pay Plaintiff and Class I Members all minimum and overtime wages, in violation of Labor Code Labor Code §§ 510, 1194 and 1194.2;

    b.    Whether Defendants failed to properly provide rest periods or compensation in lieu thereof to Plaintiff and Class I Members, in violation of Labor Code § 226.7, and IWC Wage Order 9-2001;

    c.    Whether Defendants failed to properly provide meal periods or compensation in lieu thereof to Plaintiff and Class I Members, in violation of Labor Code §§ 226.7, 510, 512, and 1194 and IWC Wage Order 9-2001;

    d.    Whether Defendants failed to provide Plaintiff and members of Class I with accurately itemized wage statements, in accordance with Labor Code § 226(a) and (e);

    e.    Whether Defendants failed to timely pay Plaintiff and Class II Members all wages due and owing at the separation of their employment, in violation of Labor Code §§ 201-203; and

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

e.     Whether Plaintiff and Class I Members are entitled to equitable relief pursuant to Business & Professions Code § 17200 *et seq.*

**C.**     **Typicality**

19.     The claims of the named Plaintiff are typical of the claims of members of each class. Plaintiff and members of each class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

**D.**     **Adequacy of Representation**

20.     Plaintiff will fairly and adequately represent and protect the interests of members of each class. Counsel who represents Plaintiff are competent and experienced in litigating large employment class actions.

**E.**     **Superiority of Class Action**

21.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed members of each class is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices.

22.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

\\\

\\\

\\\

\\\

\\\

\\\

\\\

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## IV.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### PLAINTIFF AND CLASS I AGAINST ALL DEFENDANTS

### FAILURE TO PAY ALL MINIMUM AND OVERTIME WAGES

### (LABOR CODE §§ 510, 1194 AND 1194.2)

23.     Plaintiff incorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.     Labor Code § 510 provides that, "any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."  Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

25.     During the liability period,  Defendants failed to pay Plaintiff and Class I Members all wages due and owing during the course of their employment. During the liability period, Plaintiff and Class I Members would be required to clock out for their meal period and continue working, or their meal periods would be interrupted, requiring them to perform work duties while they were on their meal period, all without any compensation of at least the minimum wage and for all overtime wages earned when Plaintiff and Class I Members performed work in excess of eight (8) hours in a workday and performed work in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. This violates Labor Code §§ 510, 1194 and 1194.2.

26.     As a result of the unlawful acts of Defendants in willfully failing to pay all minimum and overtime wages, Plaintiff and Class I Members have been deprived of wages in amounts to be determined at trial, and are entitled to restitution and recovery of such amounts, liquidated damages, plus interest thereon, attorneys' fees, and costs pursuant to Labor Code §§ 1194 and 1194.2.

Wherefore, Plaintiff and the Classes she seeks to represent request relief as described below.

## V.

## SECOND CAUSE OF ACTION

## PLAINTIFF AND CLASS I AGAINST ALL DEFENDANTS

## FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF

## (LABOR CODE § 226.7 AND IWC WAGE ORDER 9-2001)

27.     Plaintiff incorporates paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28.     Plaintiff and Class I Members are entitled to one hour of pay for each day that Defendants failed to properly provide one or more rest periods as set forth in Labor Code § 226.7 and IWC Wage Order 9-2001.

29.     Defendants failed to pay premium wages to Plaintiff and Class I Members who were denied rest periods, in violation of Labor Code § 226.7 and IWC Wage Order 9-2001. Plaintiff and Class I Members were routinely not authorized and unable to take an off-duty, 10-minute rest period for every four (4) hours of work or major fraction thereof, but were not paid premium wages of one hour's pay for each missed rest period. Plaintiff and Class I Members were simply too busy to take off-duty rest breaks during their employment. This violates Labor Code § 226.7 and IWC Wage Order 9-2001.

30.     Pursuant to Labor Code § 226.7 and IWC Wage Order 9-2001, Plaintiff seeks the payment of all rest period compensation which she and Class I Members are owed for four years preceding the filing of this Action, according to proof.

Wherefore, Plaintiff and each class she seeks to represent request relief as described below.

\\\
\\\
\\\
\\\
\\\
\\\

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

# VI.

## THIRD CAUSE OF ACTION

### PLAINTIFF AND CLASS I AGAINST ALL DEFENDANTS

### FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

### (LABOR CODE §§ 226.7, 510, 512 AND 1194 AND IWC WAGE ORDER 9-2001)

31.     Plaintiff incorporates paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32.     Plaintiff and Class I Members are entitled to one hour of pay for each day that Defendants failed to properly provide one or more meal periods as set forth in Labor Code §§ 226.7, 512 and IWC Wage Order 9-2001.

33.     Defendants failed to pay premium wages to Plaintiff and Class I Members who were denied meal periods, in violation of Labor Code §§ 226.7 and 512 and IWC Wage Order 9-2001. Plaintiff and Class I Members were routinely denied, and not authorized to take, an uninterrupted, 30-minute meal period for every shift worked that exceeded five hours in duration, and a second meal period when they worked shifts greater than ten hours, but were not paid premium wages of one hour's pay for each missed meal period. When they were provided with a meal period, they were unable to leave the work premises and were required to eat in Defendants' cafeteria, in violation of California law. Plaintiff and Class I Members were also required to clock out for their meal periods and continue working without compensation, thereby denying them all minimum and overtime wages due. This violates Labor Code §§ 226.7, 510, 512, 1194 and 1194.2 and IWC Wage Order 9-2001.

34.     Pursuant to Labor Code §§ 226.7 and 512 and IWC Wage Order 9-2001, Plaintiff seeks the payment of all meal period compensation which she and Class I Members are owed for four years preceding the filing of this Action, according to proof.

Wherefore, Plaintiff and each class she seeks to represent request relief as described below.

\\\

\\\

\\\

\\\

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## VII.

### FOURTH CAUSE OF ACTION

### PLAINTIFF AND CLASS I AGAINST ALL DEFENDANTS

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED

### EMPLOYEE WAGE STATEMENT PROVISIONS

### (LABOR CODE § 226(a), (e))

35.     Plaintiff incorporates paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36.     Section 226(a) of the California Labor Code requires Defendants to provide wage statements to employees.  In those wage statements, Defendants must provide an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer…, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a).

37.     Defendants failed to issue Plaintiff and members of Class I wage statements that fully and accurately itemized the requirements set forth in Labor Code § 226(a).  Plaintiff and Class I Members were not paid all wages due, including all minimum and overtime wages and premium wages for unauthorized meal and rest periods, as stated above.  As such, the wage statements provided by Defendants failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), net wages earned, in violation of Labor Code § 226(a)(5), and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226(a)(9).

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

38.     As a consequence of Defendants' willful conduct in failing to provide Class I Members with accurate itemized wage statements, Plaintiff and members of each class have been injured because they have not been paid all wages due and were issued wage statements which do not reflect, and fail to state, all information required by Labor Code § 226(a).  The missing information cannot be discerned at all from the face of the wage statements themselves.  As a result, Plaintiff and members of each class are entitled to penalties pursuant to Labor Code § 226(e) to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000 per employee, and are entitled to an award of costs and reasonable attorneys' fees pursuant to Labor Code § 226(h).

Wherefore, Plaintiff and each class she seeks to represent request relief as described below.

## VIII.

## FIFTH CAUSE OF ACTION

## PLAINTIFF AND CLASS II AGAINST ALL DEFENDANTS

## FAILURE TO TIMELY PAY WAGES DUE AT

## SEPARATION OF EMPLOYMENT (LABOR CODE §§ 201-203)

39.     Plaintiff incorporates paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40.     California Labor Code § 201 and § 202 require Defendants to pay employees all wages due within 72 hours after resignation of employment or the day of termination of employment.  Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employee's daily wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

41.     Defendants paid Plaintiff and Class II Members their final wages beyond the time frames set forth in Labor Code §§ 201 and 202, in violation of Labor Code § 203. Plaintiff and Class II Members were not paid all wages due and owing throughout the course of their employment, including all minimum wages, overtime wages, and premium wages for missed and denied meal and

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

rest periods, as detailed above.  Consequently, at the time of their separation from employment with Defendants, they were not paid all final wages due and owing for the entirety of their employment.

42     More than 30 days have passed since Plaintiff and Class II Members have left Defendants' employ.

43.     As a consequence of Defendants' willful conduct in not paying wages owed timely upon separation of employment, Plaintiff and Class II Members are entitled to up to 30 days' wages as a penalty under Labor Code § 203 for Defendants' failure to timely pay legal wages at separation of employment.

Wherefore, Plaintiff and each class she seeks to represent request relief as described below.

## IX.

### SIXTH CAUSE OF ACTION

### PLAINTIFF AND CLASS I AGAINST ALL DEFENDANTS

### UNFAIR COMPETITION PURSUANT TO

### BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.

44.     Plaintiff incorporates paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45.     This is a Class Action for Unfair Business Practices.  Plaintiff, on her own behalf and on behalf of the general public, and on behalf of others similarly situated, bring this claim pursuant to Business & Professions Code § 17200 *et seq.*  The conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and members of each class.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

46.     Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

47.     Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

48.     Wage and hour laws express fundamental public policies. Properly providing employees with all wages due is a fundamental public policy of this State and of the United States. Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and its employees from competitors who lower their costs by failing to comply with minimum labor standards.

49.     Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.* depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

50.     Defendants' conduct, as alleged herein, constitutes unfair competition in violation of §17200 *et seq.* of the Business & Professions Code.

51.     Defendants, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care should have known that the conduct was unlawful.  As such, it is a violation of § 17200 *et seq.* of the Business & Professions Code.

52.     As a proximate result of the above-mentioned acts of Defendants, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

53.     Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct, as alleged above.  Pursuant to Business & Professions Code § 17200 *et seq.,* this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants, its agents, or employees, of any unlawful or deceptive practice prohibited by the Business & Professions Code, and/or, including but not limited to, disgorgement of profits which may be necessary to restore Plaintiff and members of each class to the money Defendants have unlawfully failed to pay.

\\\

\\\

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

X.

## SEVENTH CAUSE OF ACTION

### PLAINTIFF AND ALL AGGRIEVED EMPLOYEES AGAINST ALL DEFENDANTS

### PENALTIES PURSUANT TO LABOR CODE § 2699(f) FOR VIOLATIONS OF

### LABOR CODE §§ 201-203, 226(a), 226.7, AND 512 AND PURSUANT TO LABOR CODE §

### 2699(a) FOR VIOLATIONS OF LABOR CODE § 226.3

54.     Plaintiff incorporates paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55.     As a result of the acts alleged above, including the Labor Code violations set forth herein, Plaintiff seeks penalties pursuant to Labor Code § 2698 *et seq.*

56.     For each such violation, Plaintiff and all other aggrieved employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

    a.     Pursuant to Labor Code § 2699(f) for violations of Labor Code §§ 201-203, 226(a), 226.7, and 512, $100 for the initial violation per employee per pay period and $200 for each subsequent violation per employee per pay period; and

    b.     Pursuant to Labor Code § 2699(a) for violations of Labor Code § 226.3, the penalties as set forth in Labor Code § 226.3.

57.     Penalties recovered will be allocated 75% to the Labor and Workforce Development Agency, and 25% to the affected employees.

58.     On March 25, 2019, Plaintiff sent a letter, by online submission to the LWDA and by certified mail, return receipt requested, to Defendants setting forth the facts and theories of the violations alleged against Defendants, as prescribed by Labor Code § 2698 *et seq.*  Pursuant to Labor Code § 2699.3(a)(2)(A), no notice was received by Plaintiff from the LWDA within sixty-five (65) calendar days of March 25, 2019.  Plaintiff may therefore commence this action to seek civil penalties pursuant to Labor Code § 2698 *et seq.*

Wherefore, Plaintiff and the aggrieved employees she seeks to represent request relief as described below.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

1.    For compensatory damages pursuant to Labor Code §§ 510 and 1194 in the amount of all unpaid minimum and overtime wages due to Plaintiff and Class I Members;

2.    For liquidated damages to Plaintiff and Class I Members pursuant to Labor Code § 1194.2

3.    For compensatory damages in the amount of one hour of wages for each day on which a meal and/or rest period was not properly provided to Plaintiff and Class I Members pursuant to Labor Code § 226.7;

4.    For penalties pursuant to Labor Code § 226(e) for Plaintiff and members of Class I;

5.    For penalties pursuant to Labor Code § 203 for Plaintiff and members of Class II;

6.    An award of prejudgment and post-judgment interest;

7.    For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq.* for Plaintiff and Class I Members;

8.    For civil penalties pursuant to Labor Code § 2698 *et seq.* for Plaintiff and all other Aggrieved Employees;

9.    An award providing for payment of costs of suit pursuant to Labor Code § 2699(g)(1) and other applicable law;

10.    An award of attorneys' fees pursuant to Labor Code § 2699(g)(1) and other applicable law; and

11.    Such other and further relief as this Court may deem just and proper.

Dated: November 3, 2020                         Respectfully submitted,


GAINES & GAINES
A Professional Law Corporation


By: *Daniel F. Gaines*
DANIEL F. GAINES
EVAN S. GAINES
Attorney for Plaintiff

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

3   Dated: November 3, 2020                    Respectfully submitted,

4                                              GAINES & GAINES
                                               A Professional Law Corporation
5

6                                              By: *Daniel F. Gaines*

7                                                  DANIEL F. GAINES
                                                   EVAN S. GAINES
8                                                  Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

**PROOF OF SERVICE AND CERTIFICATION**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 27200 Agoura Road, Suite 101, Calabasas, CA 91301.

_____ (For messenger) my business address is:

On November 4, 2020, I served the foregoing documents described as: **FIRST AMENDED CLASS AND REPRESENTATIVE ACTION** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**Lisa B. Sween, Esq.**
**Scott P. Jang, Esq.**
**Stephanie Yang, Esq.**
**JACKSON LEWIS P.C.**
**50 California Street, 9th Floor**
**San Francisco, CA 94111**

On the above date:

_____ (BY □ U.S. MAIL/ BY□ CERTIFIED MAIL, RETURN RECEIPT REQUESTED) The sealed envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more that one day after date of deposit for mailing in affidavit.

_____ (BY FEDERAL EXPRESS OR OTHER OVERNIGHT SERVICE) I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered the sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents.

__XX__ (BY ELECTRONIC SERVICE) The above-stated document was submitted for service by electronic transmission pursuant to an agreement between counsel due to COVID-19 on the counsel of record listed above.

_____ (BY PERSONAL DELIVERY) By causing a true copy of the within document(s) to be personally hand-delivered to the office(s) of the addressee(s) set forth above, on the date set forth above.

_____ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

I certify that the above document was printed on recycled paper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 4, 2020 at Calabasas, California.

_____
AMELIA BOOTH