1

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10                 San Francisco Division

| | |
|---|---|
| VALENTINA REYES, on behalf of herself and all "aggrieved employees" pursuant to Labor Code § 2698 *et seq*., | Case No. 20-cv-08590-LB |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |
| v. | Re: ECF No. 11 |
| SKY CHEFS, INC., | |
| Defendant. | |

**INTRODUCTION**

The plaintiff worked for Sky Chefs as a non-exempt employee and — on behalf of herself and a putative class — sued Sky Chefs for wage-and-hours violations under the California Labor Code. The operative complaint is the First Amended Complaint (FAC). In it, the plaintiff alleges Sky Chefs' failure to pay minimum and overtime wages resulting from missed meal-and-rest breaks (claim one), standalone claims for the missed meal-and-rest breaks (claims two and three), and the following derivative claims: failure to provide accurate wage-and-hour statements (claim four), failure to pay final wages on time (claim five), and unfair business practices under California's Unfair Competition Law (UCL) (claim six). The FAC also has a claim for penalties under California's Private Attorneys General Act (PAGA) that is predicated on the class claims

United States District Court
Northern District of California

(claim seven).[1] Her initial complaint (filed roughly 18 months before the FAC) had only a PAGA claim predicated on the missed meal-and-rest breaks and the derivative wage-statements and final-wages claims.[2]

Sky Chefs moved to dismiss (and alternatively to strike) (1) the PAGA claim on the ground that the plaintiff's PAGA notice to the Labor and Workforce Development Agency (LWDA) was defective because it had no facts, (2) the wage-statement penalties claim because it is barred by the one-year statute of limitations and does not relate back under Federal Rule of Civil Procedure 15(c)(1) to the initial PAGA claim, and (3) the claim for unpaid minimum and overtime wages to limit the class period to four years before the filing date of the FAC (as opposed to four years before the original complaint), again on the ground that the claim does not relate back to the original PAGA claim for unpaid meal-and-rest breaks.[3] The court grants the motion to limit the class period for unpaid minimum and overtime wages to four years before the filing of the FAC, denies the motion to dismiss the PAGA notice (which was sufficient), and denies the motion to dismiss the penalties claim on the ground that it is predicated on the same Labor Code violation as the PAGA claim and relates back under Rule 15(c)(1).

## STATEMENT

Named plaintiff Valentina Reyes worked for Sky Chefs, an airline catering company, at its Oakland, California facility from August 2018 to November 2018.[4] On March 25, 2019, before she filed this lawsuit, her counsel sent a PAGA notice to the LWDA alleging Sky Chef's failure to pay premium wages to employees who "routinely" were unable to take the meal-and rest breaks

---

[1] First Amend. Compl. (FAC), Ex. C to Notice of Removal – ECF No. 1 at 31–46. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl. – Ex. A to *id.* at 17–21.

[3] Mot. – ECF No. 11 at 8–9. Sky Chefs also moved to dismiss the derivative claims for wage-statement and waiting-time penalties on the ground that there is no derivative liability for these claims. The parties agreed at the hearing to stay this part of the motion pending the California Supreme Court's decision in *Naranjo v. Spectrum Security Services*. 40 Cal. App. 5th 444 (2019), *as modified on denial of reh'g* (Oct. 10, 2019), *cert. granted,* 257 Cal. 3d (2020).

[4] FAC, Ex. C to Notice of Removal – ECF No. 1 at 33 (¶ 7); Mot. – ECF No. 11 at 10.

and also asserting derivative claims for penalties associated with wage statements and waiting times premised on the meal-and-rest-break claims.[5]

On June 7, 2019, the plaintiff filed a representative-action complaint in state court asserting only a PAGA claim predicated on the meal-and-rest-break violations and the derivative wage-statement and waiting-time penalty claims.[6] In it, she sought PAGA penalties based on Sky Chefs' alleged failure to pay premium wages to employees who "were routinely not authorized and unable to take [] off-duty" meal-and-rest breaks. She also alleged that Sky Chefs had "consistent policies of . . . [f]ailing to provide [employees] with wage statements that fully and accurately itemized the requirements set forth in Labor Code §§ 226(a) and 226.3."[7] In its July 30, 2019 answer, Sky Chef asserted the defense that the plaintiff had not exhausted her administrative remedies under PAGA.[8]

The parties mediated their case unsuccessfully in August 2020.[9] The plaintiff then filed the FAC, adding class claims, including claim one, the failure to pay minimum and overtime wages resulting from the inability to take meal-and-rest breaks.[10] She alleged that she and other putative class members "would be required [by the defendant] to clock out for their meal periods and continue working, or their meal periods would be interrupted, requiring them to perform work duties while they were on their meal period, all without any compensation of at least the minimum wage and for all overtime wages earned[.]"[11] She also alleged that Sky Chefs' failure to provide accurate itemized wage statements was knowing and intentional and caused injury to her and the putative class members.[12]

---

[5] PAGA Notice, Ex. B to Def's Req. for Judicial Notice (RJN) – ECF No. 11-1 at 23–24. The court grants the unopposed motion for judicial notice.

[6] Compl., Ex. A to Notice of Removal – ECF No. 1 at 17–21.

[7] *Id.* at 18 (¶¶ 2(a-c)).

[8] Answer, Ex. D to Def's RJN – ECF No. 11-1 at 32.

[9] Mot. – ECF No. 11 at 11.

[10] FAC, Ex. C to Notice of Removal – ECF No. 1 at 31–46.

[11] *Id.* at 37 (¶ 25).

[12] *Id.* at 40–41 (¶¶ 35−38).

1    On December 4, 2020, Sky Chefs timely removed the case to federal court, asserting diversity

2    jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) & (d)(5)(B), and federal-

3    question jurisdiction under the federal Railway Labor Act (RLA).[13] It then moved to dismiss the

4    FAC. The court held a hearing on January 21, 2021. All parties consented to magistrate-judge

5    jurisdiction.[14]

6                                              **STANDARD OF REVIEW**

7    A complaint must contain a "short and plain statement of the claim showing that the pleader is

8    entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon

9    which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A

10   complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the

11   'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

12   recitation of the elements of a cause of action will not do. Factual allegations must be enough to

13   raise a claim for relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

14   To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which

15   when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

16   U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when

17   the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

18   defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a

19   'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

20   unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are

21   merely consistent with a defendant's liability, it stops short of the line between possibility and

22   plausibility of 'entitlement to relief.'" *Id.* (cleaned up) (quoting *Twombly*, 550 U.S. at 557).

23   A court "may order stricken from any pleading any insufficient defense or any redundant,

24   immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a Rule 12(f)

25   motion to strike is to avoid the expenditure of time and money that must arise from litigating

26

27   _____

     [13] Notice of Removal – ECF No. 1.

28   [14] Consents – ECF Nos. 8 & 9.

United States District Court
Northern District of California

1    spurious issues by dispensing with those issues prior to trial. . . . " *Whittlestone, Inc. v. Handi-*

2    *Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

3        If a court dismisses a complaint, it should give leave to amend unless the "pleading could not

4    possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co*.,

5    848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

6

7                                        **ANALYSIS**

8        Sky Chefs moved to dismiss (1) the PAGA claim on the ground that the plaintiff's PAGA

9    notice to the LWDA was defective, (2) the wage-statement penalties claim because it is barred by

10   the one-year statute of limitations, and (3) the claim for unpaid minimum and overtime wages to

11   limit the class period to four years before the filing of the FAC. The court denies the motion to

12   dismiss the PAGA claim because the notice provided sufficient detail, denies the motion to

13   dismiss the penalties claim because it relates back to the PAGA claim under Rule 15(c)(1), and

14   limits the class period for the unpaid-wages claim to four years before the filing of the FAC

15   because the claim does not relate back under Rule 15(c)(1).

16

17   **1.  PAGA Claim**

18       Sky Chefs contends that the PAGA notice was defective because it had no facts about the

19   alleged violations and instead merely recited the Labor Code.[15] The notice described the

20   employees' inability to routinely take breaks and thus provided sufficient notice to the LWDA.

21       Under PAGA, an "aggrieved employee" may file a representative action "to recover civil

22   penalties for violations of the Labor Code that otherwise would be assessed and collected by" the

23   LWDA. *Khan v. Dunn-Edwards Corp.*, 19 Cal. App. 5th 804, 808 (2018) (citation omitted). But as

24   a condition of bringing a PAGA claim, "a plaintiff must comply with administrative procedures

25   outlined in section 2699.3, requiring notice to the [LWDA] and allowing the employer an

26   opportunity to cure unspecified violations not listed in section 2699.5." *Id.* at 808–09 (citation

27

28   ———————————
     [15] Mot. – ECF No. 11 at 13–17.

United States District Court
Northern District of California

omitted); *see* Cal. Labor Code § 2699.3. A plaintiff must provide notice to the employer and LWDA of the "specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation." *Khan*, 19 Cal. App. 5th at 809 (cleaned up) (quoting *Williams v. Super. Ct.*, 3 Cal. 5th 531, 545 (2017)).

Sky Chefs contends that the notice here failed to provide sufficient factual detail and instead merely parrots the language of the Labor Code that requires the 10-minute rest breaks and the 30-minute meal breaks after employees work the requisite hours to be entitled to them. In similar cases, courts have denied motions to dismiss PAGA claims.

In *Amey v. Cinemark USA Inc.*, the district court dismissed a PAGA claim for failure to exhaust administrative remedies on the ground that the PAGA notice merely parroted the statute. No. 3:13-cv-05669-WHO, 2015 WL 22551504, at *13, 15 (N.D. Cal. May 13, 2015). The Ninth Circuit reversed, quoting *Williams*: "Nothing in Labor Code section 2699.3, subdivision (a)(1)(A), indicates the 'facts and theories' provided in support of 'alleged' violations must satisfy a particular threshold of weightiness, beyond the requirements of nonfrivolousness generally applicable to any civil filing." *Brown v. Cinemark USA, Inc.*, 705 F. App'x 644, 645 (9th Cir. 2017) (quoting *Williams*, 3 Cal. 5th at 545). Moreover, "California public policy favors the effective vindication of consumer protections. . . . Hurdles that impede the effective prosecution of representative PAGA actions undermine the Legislature's objectives." *Id.* (quoting *Williams*, 3 Cal. 5th at 548).

In the PAGA notice here, the plaintiff alleged that she and aggrieved employees routinely could not take their meal-and-rest breaks. That fact context — workers for an airline catering company who routinely could not take breaks, inferentially because of the deadline-driven nature of the business — is different than the security guards in *Brown v. Ralphs Grocery Co.*, where the plaintiff alleged only that they did not take all meal-and-rest periods." 28 Cal. App. 5th 824, 836 (2018). Providing specifics about job duties changes the analysis. *Prasad v. Pinnacle Prop. Mgmt. Servs.*, *LLC*, No. 17-CV-02794-VKD, 2018 WL 4586960, at *3 (N.D. Cal. Sept. 25, 2018) (the plaintiff included some facts about her specific job duties and hours worked).

United States District Court
Northern District of California

1    Moreover, the claims in the FAC — which Sky Chefs did not move to dismiss — similarly

2    plead that the aggrieved employees routinely could not take breaks, adding only the reason that

3    they were too busy.[16] That additional context — while helpful — is plausibly inferred from the

4    nature of their work in any event and plausibly pleads claims under Rule 12(b)(6). Plausibly

5    pleading a claim under Rule 12(b)(6) satisfies "requirements of nonfrivolousness generally

6    applicable to any civil filing" under California law and thus means that the PAGA notice is

7    sufficient. *Williams*, 3 Cal. 5th at 545.

8    Sky Chefs' other cases can be distinguished similarly. They generally predate *Williams*. *See,*

9    *e.g., Ovieda v. Sodexo Operations, LLC*, No. CV 12-1750-GHK SSX, 2013 WL 3887873 at *3

10   (C.D. Cal. July 3, 2013). And in *Ovieda*, as in *Brown*, the allegations are generic (the rest-and-

11   meal breaks were interrupted, late, not provided, or short), and the opinion is silent about the

12   nature of the employees' work. *Id.*

13   As the *Williams* court held: "The purpose of the statute is to afford the [LWDA] the

14   opportunity to decide whether to allocate scarce resources to an investigation, a decision better

15   made with knowledge of the allegations [that] an aggrieved employee is making and any basis for

16   those allegations. Notice to the employer serves the purpose of allowing the employer to submit a

17   response to the agency, [] again thereby promoting an informed agency decision about whether to

18   allocate resources to an investigation. Neither purpose depends on requiring employees to submit

19   only allegations that can already be backed up by some particular quantum of proof." *Williams*, 3

20   Cal. 5th at 545–46.

21   Under *Williams* and *Brown*, the PAGA notice contained sufficient factual allegations to put the

22   LWDA and Sky Chefs on notice of the Labor Code claims and thus satisfies "the requirements of

23   nonfrivolousness generally applicable to any civil filing." *Williams*, 3 Cal. 5th at 545; *Brown*, 705

24   F. App'x at 645; *see Jacobs v. Sustainability Partners LLC*, No. 20-cv-01981-PJH, 2020 WL

25   5593200, at *17–18 (N.D. Cal. Sept. 18, 2020) (analyzing these cases).

26

27

28   ---
     [16] *See, e.g.,* FAC, Ex. C to Notice of Removal – ECF No. 1 at 38 (¶ 29).

*United States District Court*
*Northern District of California*

### 2.  Wage-Statement Penalties

The plaintiff's first complaint had only a PAGA claim that asserted a claim for PAGA penalties predicated on Sky Chefs' violation of Cal. Labor Code § 226(a), which requires an employer to furnish employees with accurate itemized wage statements.[17] The FAC added a standalone claim for a § 226(a) violation and also sought the additional remedy of statutory penalties under § 226(e), including per-employee penalties, costs, and attorney's fees.[18] The parties do not dispute that unless the addition of the § 226(e) penalties relates back under Federal Rule of Civil Procedure 15(c)(1) to the initial complaint's PAGA charge of a violation of § 226(a), it is barred by the applicable one-year statute of limitations. Cal. Civ. Proc. Code § 340(a).

In relevant part, Rule 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1). This standard generally is satisfied when the same evidence likely proves the original claim and the amendment. *Naranjo v. Bank of Am. Nat'l Ass'n*, No. 14-cv-02748-LHK, 2015 WL 913031, at *9 (N.D. Cal. Feb. 27 , 2015).

Here, the effect of the amendment is to expand the scope of relief, which — in the class context — is analogous to adding plaintiffs, thereby expanding the class and the recovery. *See Sidibe v. Sutter Health*, No. 12-cv-04854-LB, 2017 WL431071, at *2–3 (Sept. 29, 2017); *cf. Naranjo*, 2015 WL 913031, at *9 (adding a class claim does not relate back to individual claims based on the same conduct). In the Ninth Circuit, "[a]n amendment adding a plaintiff relates back to the original complaint under Rule 15(c) when "(1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; (2) the relation back does not unfairly prejudice the defendant; and (3) there is an identity of interests between the original and new proposed plaintiff." *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996). The

---

[17] Compl. – Ex. A to *id.* – ECF No. 1 at 20 (¶ 12(a)).

[18] FAC, Ex. C to *id.* at 40–41 (¶¶ 37–38).

United States District Court
Northern District of California

1    relation-back doctrine applies to amendments seeking to expand the scope of a class. *Willner v.*

2    *Manpower*, No. 11-cv-2846-JST, 2014 WL 2939732, at *4 (N.D. Cal. June 30, 2014).

3        The factors — notice, identity of interests, and prejudice to the defendant — weigh in favor of

4    the proposed amendment. *See In re Syntex Corp. Sec. Litig.*, 95 F.3d at 935; *Willner*, 2014 WL

5    2939732, at *4.

6        First, "[i]n deciding whether an amendment relates back to the original claim, notice to the

7    opposing party of the existence and involvement of the new plaintiff is the critical element." *Avila*

8    *v. INS*, 731 F.2d 616, 620 (9th Cir. 1984). "In the context of amendments that seek to expand the

9    scope of a putative class, the notice requirement is satisfied when 'the original complaint gave the

10   defendant adequate notice of the claims of the newly proposed plaintiff [.]'" *Willner*, 2014 WL

11   2939732, at *4 (quoting *In re Syntex*, 95 F.3d at 935).

12       The PAGA claim was a representative action predicated on the same § 226(a) violation. This

13   put Sky Chefs on notice of the claims of all aggrieved employees. In *Milligan v. American*

14   *Airlines, Inc.*, the Ninth Circuit reversed as an abuse of discretion a district court's denial of leave

15   to amend to add a § 226(a) PAGA claim when the complaint already had a § 226(e) class claim.

16   577 F. App'x 718, 718 (9th Cir. 2014). There is fair notice under Rule 15(c). *See* Fed. R. Civ. P.

17   15(c)(1)(B); *Sidibe v. Sutter Health*, No. 12-cv-04854-lb, 2017 WL 4310711, at *3 (N.D. Cal.

18   Sept. 28, 2017) (allowing entity claims).

19       Second, identity of interests exists if "[t]he circumstances giving rise to the claim remained the

20   same as under the original complaint." *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382, 385 (9th

21   Cir. 1982). Conversely, no identity of interests exists when the "focus of the litigation changed

22   directly upon the amendment of the complaint." *Besig v. Dolphin Boating & Swimming Club*, 683

23   F.2d 1271, 1279 (9th Cir. 1982). There is identity of interests here: the PAGA and class claims are

24   predicated on the same § 226(a) violation, the focus of the litigation did not change, and generally,

25   the evidence is the same.

26       Third, Sky Chefs asserts prejudice (in the form of the expansion of the class and the remedy),

27   but the identity of interests means that relation back of the amendment is not prejudicial. *Raynor*

28   *Bros.*, 695 F.2d at 384. Also, there is no prejudicial delay: the case schedule will give adequate

United States District Court
Northern District of California

United States District Court
Northern District of California

1  time for discovery.

2      Sky Chefs nonetheless contends that under *Lopez v. Friant & Associates*, the § 226(e) penalty

3  claim does not relate back to the § 226(a) PAGA claim "because a claim for damages or statutory

4  penalties under section 226(e) is not the same as a PAGA claim for a violation of section 226(a)."

5  15 Cal. App. 5th 773, 786 (2017*). Lopez* was not a class action, did not involve the relation back

6  of §§ 226(a) and (e) claims, and instead held that a plaintiff could proceed with a § 226(a) claim

7  without satisfying the elements of § 226(e). *Id.* at 788. Under the circumstances, and on this

8  briefing, the court follows *Milligan*.

9

10  **3.   Minimum-Wage and Overtime Claims**

11      It is undisputed that — unlike the meal-and-rest-break claims — the PAGA claim did not

12  include the claims as predicate Labor Code violations. At the hearing, the plaintiff conceded (more

13  or less) that she could live with limiting the class period to four years before the filing of the FAC.

14  On this briefing, the court grants the motion to dismiss on the ground that the claims do not relate

15  back under Rule 15(c)(1), which limits the class period to four years before the filing of the FAC.

16

17                          **CONCLUSION**

18      The court grants the motion to dismiss in part: the court limits the minimum-wage and

19  overtime claims to the four-year period that precedes the filing of the FAC. The court defers

20  consideration of the motion to dismiss the derivative claims for wage-statement and waiting-time

21  penalties pending the California Supreme Court's decision in *Naranjo*. The court otherwise denies

22  the motion. This disposes of ECF No. 11.

23      **IT IS SO ORDERED.**

24      Dated: January 29, 2021

25                          _____

26                          LAUREL BEELER
                            United States Magistrate Judge
27

28