DANIEL F. GAINES, ESQ. SBN 251488
daniel@gaineslawfirm.com
ALEX P. KATOFSKY, ESQ. SBN 202754
alex@gaineslawfirm.com
MIRIAM L. SCHIMMEL, ESQ. SBN 185089
miriam@gaineslawfirm.com
**GAINES & GAINES, APLC**
27200 Agoura Rd., Suite 101
Calabasas, CA 91301
Telephone: (818) 703-8985
Facsimile: (818) 703-8984

Attorneys for Plaintiff Valentina Reyes, on behalf of herself and all "aggrieved employees" pursuant to Labor Code § 2698 *et seq.*

Robert R. Roginson, SBN 185286
robert.roginson@ogletree.com
Ryan H. Crosner, SBN 278418
ryan.crosner@ogletree.com
Sage S. Stone, SBN 304086
sage.stone@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
400 S. Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: (213) 239-9800
Facsimile: (213) 239-9045

Attorneys for Defendant Sky Chefs, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| VALENTINA REYES, on behalf of herself and all "aggrieved employees" pursuant to Labor Code § 2698 *et seq.*, <br><br> Plaintiffs, <br><br> v. <br><br> SKY CHEFS, INC., a Delaware corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO: 3:20-cv-08590-LB <br><br> **JOINT RULE 26(f) REPORT** <br><br> Date:  March 4, 2021 <br> Time:  11:00 a.m. <br> Judge:  The Hon. Magistrate Laurel Beeler <br> Dept.:  15th Floor—Courtroom B <br><br> Complaint Filed: June 7, 2019 <br> FAC Filed: November 4, 2020 <br> Trial Date: None |

-1-
**JOINT RULE 26(f) REPORT**

Plaintiff VALENTINA REYES ("Plaintiff") and Defendant SKY CHEFS, INC. ("Defendant") hereby submit the following Joint Rule 26(f) Report as ordered by the Court. The parties met and conferred on February 11, 2021, pursuant to Fed. R. Civ. P. Rule 26(f) and Local Rule 16-10.

## I. JURISDICTION AND SERVICE

There are no service issues and all parties have appeared in the Action.

**Plaintiff**: Plaintiff does not currently contend that this Court lacks subject matter jurisdiction over this Action.

**Defendant**: Defendant does not contend this Court lacks subject matter jurisdiction in this matter.

## II. FACTS

**Plaintiff**: Plaintiff was employed by Defendant for several months in 2018 as a driver and a food equipment handler – both non-exempt positions – at Oakland airport in Alameda County, California.

Plaintiff contends that she and other non-exempt California employees of Defendant were not provided with lawful meal and rest breaks, as well as not paid all wages due and owing during the course of employment, because they were required to clock out for meal periods and continue working, or their meal periods were interrupted, and employees were required to perform work duties. These claims are brought together with derivative claims for inaccurate wage statements, restitution, and Private Attorneys General Act ["PAGA"] penalties all in violation of California law. Plaintiff asserts the following four causes of action in his Complaint: (1) failure to pay all minimum and overtime wages (Labor Code §§ 510, 1194 and 1194.2); (2) failure to provide rest periods or compensation in lieu thereof (Labor Code §§ 226.7; IWC Wage Order 9-2001); (3) failure to provide meal periods or compensation in lieu thereof (Labor Code §§ 226.7, 512; IWC Wage Order 9-2001); (4) knowing and intentional failure to comply with itemized employee wage statement provisions (Labor Code § 226(a), (e)); (5) failure to pay wages due at separation of employment (Labor Code §§ 201-201); (6) violations of Business and Professions Code § 17200;

and (7) penalties pursuant to Labor Code § 2699(f) ("PAGA") for violations of Labor Code §§ 226(a), 226.7 and 512 and pursuant to Labor Code § 2699(a) for violations of Labor Code § 558.

Plaintiff purports to bring his claims on behalf of the following classes:

*Class I*: All non-exempt California employees employed by Defendants at any time since the date four years preceding the filing of this Action.

*Class II:* All non-exempt California employees employed by Defendants at any time since the date three years preceding the filing of this Action and who are no longer employed by Defendants.

**Defendant**:

Defendant denies Plaintiff's allegations and further denies that Plaintiff can meet the requirements for class certification. Defendant has implemented and educated its workforce on a comprehensive set of timekeeping, payroll, and break policies and procedures that fully comply with California law.

Defendant is committed to paying regular and overtime wages in compliance with all applicable laws. Employees must accurately and completely record all time worked, including but not limited to any time worked outside of regularly scheduled hours. Plaintiff will not be able to adduce any evidence that Sky Chefs knew, or should have known, that Plaintiff or any other employee worked off-the-clock. Even if Plaintiff did work off-the-clock, she did so in knowing violation of Sky Chef's policies, and by concealing her actual hours worked from the company. The same will be true for every other putative class member, and demonstrating that it is not true will require an individualized inquiry into that employee's timekeeping records, what he/she communicated to management regarding the accuracy of his/her time reporting, and what management knew from other sources regarding work being performed off-the-clock.

Similar obstacles stand in the way of proving a common practice or policy of failing to provide meal and rest periods. Sky Chefs has a clearly-stated policy permitting and encouraging employees to take meal and rest periods, which it communicates to employees through multiple channels. Because Sky Chefs provided its employees with reasonable opportunities to take meal

and rest periods, Plaintiff will not be able to adduce common evidence that it impeded or discouraged its employees from doing so.

On information and belief, the balance of Plaintiff's claims also fail on their merits or require individualized inquiries that render class treatment impossible, or both. Sky Chef's investigation is ongoing and it reserve the right to augment or amend its defenses as appropriate based on its investigation and discovery.

### III.   LEGAL ISSUES

The parties submit that the legal issues in this case are, among others:

- Whether Plaintiff can satisfy the FRCP 23(b) requirement of showing that the questions of law or fact common to putative class members predominate over any questions affecting only individual members;

- Whether Plaintiff can satisfy the FRCP 23(b) requirement of showing that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy;

- Whether Plaintiff can ascertain the members of the putative class she seeks to represent;

- Whether, pursuant to the standard set forth in *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012) ("Brinker") and its progeny, Sky Chefs knew or should have known that Plaintiff and/or the putative class members worked off-the-clock;

- Whether Defendants failed to properly provide meal periods or compensation in lieu thereof to Plaintiff and the putative class members , in violation of Labor Code §§ 226.7, 510, 512, and 1194 and IWC Wage Order 9-2001;

- Whether Defendants failed to properly provide rest periods or compensation in lieu thereof to Plaintiff and the putative class members, in violation of Labor Code § 226.7, and IWC Wage Order 9-2001;

- Whether Defendants failed to pay Plaintiff and Class I Members all minimum and overtime wages, in violation of Labor Code Labor Code §§ 510, 1194 and 1194.2;
- Whether Defendant failed to furnish Plaintiff and the class with accurate itemized wage statements in compliance with California Labor Code section 226(a) and (e);
- Whether Defendant engaged in any unfair business practices pursuant to California Business and Professions Code section 17200;
- Whether Plaintiff can satisfy the FRCP 23(a) requirements of numerosity, commonality, typicality and adequacy of representation;
- The nature, extent and causation of damages suffered by Plaintiff and the putative class; and
- The nature and extent of penalties incurred pursuant to Labor Code § 2699 et seq., as a result of the underlying Labor Code violations alleged in this action.

## IV.    MOTIONS

**Plaintiff**:    Prior motions include: Defendant's Motion for Judgment on the Pleadings (denied in part/granted in part by this Court on January 29, 2021); Plaintiff's Motion for Leave to file a First Amended Complaint (granted in the Superior Court of California, County of Alameda, on October 30, 2020).

Plaintiff anticipates filing a Motion for Class Certification on behalf of one or more putative classes.  Plaintiff may move for summary judgment on her PAGA claims and/or on the certified class claims.

**Defendant**:

Defendant anticipates bringing a motion for summary judgment or partial summary judgment prior to Plaintiff's motion for class certification.

## V.    AMENDMENT OF THE PLEADINGS

Plaintiff does not presently anticipate amending the pleadings further.

## VI. EVIDENCE PRESERVATION

The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action and are in the process of "meeting and conferring" regarding discovery of ESI.

## VII. INITIAL DISCLOSURES

The parties have fully and timely complied with the initial disclosure requirements.

## VIII. DISCOVERY PLAN

### A. Discovery Taken to Date

**Plaintiff:** Plaintiff previously served written discovery in the state court matter, but Defendant declined to respond based on its then-pending Motion to Dismiss. Plaintiff intends to serve new discovery in this action.

**Defendant**: Defendant has not yet propounded discovery.

### B. Scope of Anticipated Discovery

**Plaintiff:** Plaintiff intends to serve interrogatories and document requests relevant to the legal issues and facts raised in the operative complaint, as well as notice a 30(b)(6) deposition, which are needed in order for Plaintiff to prepare her intended class certification motion.

**Defendant**: Defendant anticipates seeking discovery on the following subjects, among others:

- Whether, as an initial matter, Plaintiff has standing to assert the claims alleged on behalf of himself or the putative class;
- Viability of this action as a class action;
- Plaintiff's claims; and
- Damages allegedly suffered by Plaintiff and the putative class.

### C. Limitations or Modifications on Discovery Rules

Except as set forth below, the Parties do not anticipate any changes to the limitations on discovery as set forth in the FRCP. The Parties agree, however, to meet and confer if it becomes apparent that an expansion of the limits set forth in the FRCP is warranted.

The Parties agree that the setting of a discovery cut-off date is premature and such date should be set subsequent to Plaintiff's Motion for Class Certification. The scope of the issues to be decided at trial may vary depending on the Court's ruling on the motion.

**Plaintiff**: Plaintiff does not desire any limits or modifications.

**Defendant**: Defendant contends that discovery should proceed in phases with class merits discovery not occurring unless a class is certified.

### D.  Stipulated E-Discovery Order

The parties do not plan on entering into a stipulated e-discovery order.

### E.  Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)

See above regarding anticipated discovery.

## IX.  CLASS ACTIONS

**Plaintiff's Proposal for Class Certification:** Plaintiff seeks to maintain this Action as a Class Action pursuant to Fed. R. Civ. P. 23(a)(1)-(4) and 23(b)(3).

Plaintiff presently seeks to certify and represent the following classes:

*Class I*: All non-exempt California employees employed by Defendants at any time since the date four years preceding the filing of this Action.

*Class II:* All non-exempt California employees employed by Defendants at any time since the date three years preceding the filing of this Action and who are no longer employed by Defendants.

Plaintiff believes that the following facts demonstrate that Plaintiff is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b)(3): Plaintiff alleged she was routinely required to clock out for her meal period and continue working, or her meal period would be interrupted, and she would be required to perform work duties while on her meal period, all without any compensation of at least the minimum wage; that she was routinely denied and not authorized to take timely ten-minute, uninterrupted, on-the-clock, rest periods for every four hours worked (or major fraction thereof) and that she was not compensated one hour's pay for each such violation;

that she was routinely denied and not authorized to take timely meal periods when applicable on shifts that exceeded five hours of work for every ten (10) hours of work and a second meal period when she worked shifts in excess of 10 hours in duration, and was not paid premium wages of one hour's pay for each missed meal period. Plaintiff further contends that Defendant maintained a meal period policy that violated California law on several grounds. Plaintiff alleges these violations to be true for all other non-exempt California employees (union and non-union) based on Defendant's practices and written policies concerning breaks and payment of wages it instituted regarding its non-exempt employees. Plaintiff contends that Defendant's written policies, testimony by class members and Defendant's representatives, and employee time and wage records will demonstrate these violations on a class-wide basis.

Plaintiff requests that selecting a proposed date by which to file her class certification motion be deferred until after at least the next status conference when Plaintiff will be able to better assess the status of discovery needed to move for certification.  Should the Court not agree, Plaintiff seeks at least 6 months to conduct discovery related to class certification issues prior to filing her class certification motion.

Plaintiff's counsel has reviewed the Procedural Guidance for Class Action Settlements.

**Defendant:** Defendant denies that class treatment is appropriate and contends Plaintiff cannot satisfy the FRCP 23(a) requirements of numerosity, commonality, typicality and adequacy of representation.

## X. RELATED CASES

**Plaintiff**: *Murillo v. Sky Chefs, Inc.,* Los Angeles Superior Court, Case. No. 20STCV22905, is a related case.

**Defendant**:  In addition to *Murilo v. Sky Chefs, Inc*., Los Angeles Superior Court, Case. No. 20STCV22905, *Espino et al. v. Sky Chefs, Inc.,* Los Angeles Superior Court, Case. No. 19STCV44265, is a related case.

## XI. RELIEF SOUGHT

**Plaintiff**: Plaintiff seeks the following relief in this Action: (1) compensatory damages pursuant to Labor Code §§ 226.7, 510, 512, 1194 and 1194.2 for all unpaid wages and overtime wages owed, as well as all wages owed in the amount of one hour of wages for each day on which a meal or rest period was not lawfully provided to Plaintiff and all Class members, and compensation in lieu thereof was not paid, from the date at least four (4) years prior to the filing of this Action to the present as may be proven; (2) penalties pursuant to Labor Code § 226(e) for Plaintiff and all Class members; (3) injunctive relief pursuant to Labor Code § 226(h) and Business & Professions Code § 17200 et seq.; (4) award of prejudgment and post-judgment interest; (5) penalties, wages, and other relief pursuant to Labor Code § 2698 et seq. for Plaintiff and all aggrieved employees; (6) restitution for unfair competition pursuant to Business & Professions Code § 17200 et seq. for Plaintiff and all Class members; (7) an award providing for payment of costs of suit; (8) an award of attorneys' fees; and (9) such other and further relief as this Court may deem just and proper.

**Defendant**: Defendant seeks an Order that this matter should not be certified to proceed on a class-wide basis (or any representative or collective basis) on any of the claims asserted. Defendant likewise denies Plaintiff's individual claims for unpaid wages, missed meal and rest breaks, and inaccurate wage statements, and seeks an Order and Judgment in its favor. Defendant also denies Plaintiff is entitled to any relief requested. Defendant shall also seek the recovery of costs and such other relief as the Court deems just and proper.

## XII. SETTLEMENT AND ADR

**Plaintiff:** The parties have had one unsuccessful mediation in August 2020. Plaintiff is open to a second, private mediation.

**Defendant**: In light of the Parties' previous unsuccessful mediation, Defendant currently believes it is premature to set a second, private mediation.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have already consented to a magistrate judge for all purposes.

**XIV. OTHER REFERENCE**

The Parties do not believe this case is suitable for binding arbitration, or in need of a special master and does not believe that it requires reference to the procedures set forth in the Manual on Complex Litigation, except insofar as it pertains to Rule 23 proceedings. It is also not appropriate for Multidistrict Litigation. The Parties reserve their right to invoke the recommendations and suggestions in the Manual on Complex Litigation as necessary.

**XV. NARROWING OF ISSUES**

**Plaintiff:** At this time, Plaintiff is not aware of any issues which can be narrowed by agreement. It is possible that certain issues may be resolved, but not narrowed, by summary judgment.

**Defendant**: Defendant may move to bifurcate damages from liability but will meet and confer with Plaintiff on this point later in the case.

**XVI. EXPEDITED TRIAL PROCEDURE**

The parties do not believe this case can be handled under Expedited Trial Procedure of General Order No. 64 Attachment A.

**XVII. SCHEDUULING**

See Exhibit A.

**XVIII. TRIAL**

**Plaintiff:** Plaintiff believes it is premature to set any dates for a pre-trial conference or trial before discovery is underway and a ruling on the class certification is made. Should this matter be tried as a class action, Plaintiff estimates that trial will take two to three weeks. Plaintiff seeks a jury trial on all claims as permitted by law.

**Defendant:** Defendant agrees it is premature to estimate the likely duration of any trial in this matter. Additionally, in the absence of a trial plan from Plaintiff's Counsel, any such estimate would be largely speculative.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Plaintiff**: Plaintiff has no interest to report other than the named parties.

**Defendant**: On December 4, 2020, Defendant filed its Corporate Disclosure Statement and Disclosure of Non-Party Interested Entities ("Disclosure") (ECF 3). The following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities may have a financial or other interest in the outcome of the proceeding:

(1) LSG Sky Chefs, USA, Inc.;

(2) LSG Lufthansa Service Holding AG;

(3) Irving Murillo, plaintiff in *Murillo v. Sky Chefs, Inc. et al*, Los Angeles Superior Court Case Nos. 20STCV22905;

(4) Crosner Legal, P.C., plaintiff's counsel in *Murillo v. Sky Chefs, Inc. et al*, Los Angeles Superior Court Case No. 20STCV22905;

(5) *Plaintiffs Norma Espino, Marvin Portillo Donado, Concepción Lara, and Braulia Villalta De Blanco*, plaintiffs in *Espino v. Sky Chefs, Inc.*, Los Angeles Superior Court Case No. 19STCV44265; and

(6) Hadsell Stormer & Renick & Dai LLP, and McCracken, Stemerman & Holsberry, LLP, plaintiffs' counsel in *Espino v. Sky Chefs, Inc.*, Los Angeles Superior Court Case No. 19STCV44265.

**XX.   PROFESSIONAL CONDUCT**

All parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:    February 25, 2021           **GAINES & GAINES, APLC**


                                      _/s/Miriam L. Schimmel_
                                      DANIEL F. GAINES
                                      MIRIAM L. SCHIMMEL
                                      Attorneys for Plaintiff
                                      VALENTINA REYES

Dated:    February 25, 2021           **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**


                                      _/s/ Ryan Crosner_
                                      RYAN CROSNER
                                      SAGE S. STONE
                                      Attorneys for Defendant
                                      SKY CHEFS, INC.

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 25, 2021              Respectfully submitted,

                                      GAINES & GAINES, APLC


                                      By:  _/s/Miriam L. Schimmel_
                                           DANIEL F. GAINES
                                           MIRIAM L. SCHIMMEL
                                           Attorneys for Plaintiff

# EXHIBIT A

# SCHEDULE OF PRETRIAL DATES

| Matter | Time | Day(s) or Weeks Before Trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| **Trial Date (Jury) Estimated Length: <u>14-21</u> Days** | 9:00 a.m. | | TBD after Motion for Class Cert | TBD after Motion for Class Cert | |
| **Final Pretrial Conference** | 9:00 a.m. | 8 days before trial | TBD after Motion for Class Cert | TBD after Motion for Class Cert | |
| **Last Day for Hearing Motions** | n/a | 45 days before trial | TBD after Motion for Class Cert | TBD after Motion for Class Cert | |
| **Discovery Cut-Off** | n/a | 90 days before trial | TBD after Motion for Class Cert | TBD after Motion for Class Cert | |
| **Expert Designation** | n/a | 90 days before trial | TBD after Motion for Class Cert | TBD after Motion for Class Cert | |

**JOINT RULE 26(f) REPORT**